UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND E. McIVER,

    Plaintiff,

v.                                        Case No.:

AMERICAN STRATEGIC INSURANCE
CORP.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant American Strategic Insurance Corp. (hereinafter "Defendant"), by and through its undersigned attorneys, hereby gives notice that the civil action currently pending in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida, identified as *Raymond E. McIver v. American Strategic Insurance Corp.*, Case No. 16-007727-CI, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

    1.    Pursuant to 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

    2.    The Complaint in the above action was filed on December 8, 2016. Defendant received service of the Summons and Complaint on December 21, 2016. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

    3.    Removal of this action is proper under 28 U.S.C. §1441 due to the presence of a federal question. This is a civil action brought in a state court of which the district courts of the

United States have original jurisdiction because Plaintiff has alleged violations of federal law in his Complaint. More specifically, Plaintiff has pled that he worked overtime hours for which Defendant failed to compensate him in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a). In addition, Plaintiff has pled that Defendant interfered with his rights under the Family and Medical Leave Act ("FMLA"), in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(1). Plaintiff has also pled that Defendant retaliated against him for engaging in activity protected under the FMLA in violation of 29 U.S.C. § 2615(a)(2).

4. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon the attorney for Plaintiff, Matthew K. Fenton, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Ste. 300, Tampa, FL 33602, mfenton@wfclaw.com, tsoriano@wfclaw.com.

5. Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for Pinellas County, Florida be removed to the United States District Court for the Middle District of Florida.

/s/ David P. Steffen
David P. Steffen, Esq., Fla. Bar No. 154717
dsteffen@constangy.com
Allison R. Wallrapp, Esq., Fla. Bar No. 106779
awallrapp@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
(813) 223-7166 / Fax: (813) 223-2515
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of January, 2017, a true copy of the foregoing document has been furnished by email to the following:

Matthew K. Fenton, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Ste. 300
Tampa, FL  33602
mfenton@wfclaw.com
tsoriano@wfclaw.com
Attorney for Plaintiff

                                      /s/ David P. Steffen
                                      Attorney

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

RAYMOND E. McIVER,

    Plaintiff,                           Case No.:

v.

AMERICAN STRATEGIC
INSURANCE CORP.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAYMOND E. McIVER, by and through undersigned counsel, brings this action against Defendant, AMERICAN STRATEGIC INSURANCE CORP., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Pinellas County, Florida, and he worked in Pinellas County.

4. Defendant operates an insurance company in Pinellas County.

# EXHIBIT "A"

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and FMLA.

10. Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA and FMLA.

12. Defendant continues to be an "employer" within the meaning of the FLSA and FMLA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as an adjuster in April 2014.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

18. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

20. At all times material hereto, Plaintiff suffered from an ongoing medical condition that qualified as a serious health condition within the meaning of the FMLA.

21. Specifically, Plaintiff suffered from back issues due to herniated discs in his spine.

22. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

23. In July 2016, Plaintiff notified Defendant that he needed to take some leave on July 29, 2016 to care for himself as a result of his serious health condition.

24. Defendant failed to notify Plaintiff of his rights under the FMLA and told Plaintiff that if he did not come to work on July 29, 2016 he would be terminated.

25. Thereafter, Defendant terminated Plaintiff for taking leave that should have been protected by the FMLA.

## COUNT I – FLSA OVERTIME VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

- a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;
- b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;
- c) An amount equal to Plaintiff's overtime damages as liquidated damages;
- d) To the extent liquidated damages are not awarded, an award of prejudgment interest;
- e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;
- f) All costs and attorney's fees incurred in prosecuting these claims; and
- g) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA INTERFERENCE

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as fully set forth herein.

4

31. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

32. By failing to notify Plaintiff of his FMLA rights, Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – FMLA RETALIATION

35. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 25 of this Complaint, as fully set forth herein.

36. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

37. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

38. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of December, 2016.

Respectfully submitted,

_____
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

Case Number: 16-007727-CI

Filing # 49798698 E-Filed 12/08/2016 01:55:48 PM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

RAYMOND E. McIVER,

    Plaintiff,

v.

    Case No.:

AMERICAN STRATEGIC
INSURANCE CORP.,

    Defendant.
_____/

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Civil Cover Sheet, Complaint, Notice of Designation, Notice of Corporate Representative Deposition, First Request for Production, and First Set of Interrogatories in this action on defendant:

**AMERICAN STRATEGIC INSURANCE CORP.**
**c/o Registered Agent: CHIEF FINANCIAL OFFICER**
**200 E. GAINES ST**
**TALLAHASSEE, FL 323990000**

    Each defendant is required to serve written defenses to the complaint or petition on Matthew K. Fenton, plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| DATED on DEC 08 2016 | KEN BURKE CLERK CIRCUIT COURT |
|---|---|
| *[signature]* | 315 Court Street |
| Printed: **MATTHEW K. FENTON** | Clearwater, Pinellas County, FL 33756-516 |
| Attorneys for Plaintiff | |
| Address: Wenzel Fenton Cabassa | By: *[signature]* |
| 1110 N. Florida Avenue, Suite 300 | As Deputy Clerk |
| Tampa, Florida 33602 | (727) 464-7000 |
| Florida Bar No.: 0002089 | |

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

***ELECTRONICALLY FILED 12/08/2016 01:55:45 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

AMERICANS WITH DISABILITIES ACT: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office. 400 S. Ft. Harrison Ave., Ste. 500 Clearwater, FL 33756, (727) 464-4062 V/TDD; or 711 for the hearing impaired. Contact should be initiated at least seven days before the scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven days. The court does not provide transportation and cannot accommodate such requests. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding transportation services.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.